G. W. SUTHERLAND AND WIFE V. DALLAS JOINT STOCK LAND BANK ET AL.

No. 6696. Decided June 19, 1934.
Motion to Retax Costs Overruled November 28, 1934.
(73 S. W., 2d Series, 54.)

*Lloyd & Lloyd,* of Alice, for plaintiffs in error.

*Renfro, Ledbetter & McCombs,* of Dallas, for defendants in error.

MR. JUDGE SMEDLEY of the Commission of Appeals, Section B, delivered the opinion for the court.

Plaintiffs in error by their petition seek injunction to restrain defendants in error from selling several tracts of land at trustee's sale under deeds of trust securing notes. Relief is sought as to all of the land under the terms of Chapter 102, Acts of the Regular Session of the 43rd Legislature, which act became effective May 1, 1933, and is referred to as the Moratorium Act of 1933. As to 200 acres of the land injunction is sought on the additional ground that such land was homestead at the time the deed of trust was executed.

The trial court after hearing the evidence entered its order restraining defendants in error from selling the land under the deed of trust for a period of 170 days from the date of the

order, subject to further orders of said court, and also restraining defendants in error from selling the 200 acres alleged to be homestead until the further orders of said court.

On appeal from this order by defendants in error the Court of Civil Appeals reversed the judgment of the trial court and dissolved the injunction, holding that the Moratorium Act was invalid. 64 S. W. (2d) 1117. The case is here through the granting of application for writ of error. There is no statement of facts. Defendants in error filed no assignment of error in the Court of Civil Appeals complaining of that part of the order of the trial court which enjoined the sale of the 200 acres alleged to be homestead, but merely made the statement in their brief that the 200 acres were not offered for sale at the trustee's sale sought to be enjoined.

■■ The Moratorium Act of 1933 is by its terms effective in no event beyond May 1, 1934. In accordance with the action of the Supreme Court in Plainview Building and Loan Association v. Mrs. Lillian Robbins (123 Texas, 408) and nine similar causes dismissed as moot on May 16, 1934, because the Moratorium Act was no longer operative, (the views of Chief Justice Cureton concurring in the dismissal of such causes being expressed in a memorandum filed on the same day) this cause should be dismissed except that part of it in which injunction is sought to restrain the sale of the 200 acres of land alleged to be homestead.

Accordingly, the judgment of the Court of Civil Appeals is set aside and judgment is here rendered dismissing the cause and dissolving the injunction as to all of the land except the 200 acres alleged by plaintiffs in error to be homestead and affirming the order of the trial court insofar as it restrains and prohibits the sale of said 200 acres until the further orders of that court. Costs in the Supreme Court and in the Court of Civil Appeals and costs which have accrued in the trial court are taxed against plaintiffs in error.

Opinion adopted by the Supreme Court June 19, 1934.